IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUNG TRAN, | ) | 4:10CV3128 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| UNITED OF OMAHA LIFE | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

  This is an action brought under 29 U.S.C. § 1132(a) to review a decision by the defendant, United of Omaha Life Insurance Company ("United of Omaha"), to deny a claim for accidental death benefits under a group policy subject to the Employee Retirement Income and Security Act ("ERISA"). The plaintiff's decedent was killed when his motor vehicle collided with a train. The claim for benefits was denied, in part, based on an exclusion for loss caused by the insured while intoxicated.[1]

  The plaintiff has filed a motion to strike portions of the administrative record, including: (1) a summary of the autopsy performed on the plaintiff's decedent (filing 15, at 102-103); (2) the autopsy report (filing 15, at 105-108); (3) a forensic toxicology report (filing 15, at 104); and (4) all references to the autopsy summary, autopsy report, and forensic toxicology report (filing 15, at 112-114). The plaintiff contends such evidence is inadmissible under Neb. Rev. Stat. § 60-6,105 (Westlaw 2010), which provides: "No report and no statement contained in a report submitted pursuant to sections 60-6,101 to 60-6,104 [requiring alcohol and drug testing in connection with motor vehicle accident deaths] or any part thereof shall be made

---

[1] The policy defines "intoxication" as having a "blood alcohol level at death . . . [that] equals or exceeds the legal limit for operating a motor vehicle in the jurisdiction in which the loss occurs[.]" (Filing 15, at 73.)

available for any purpose in any trial arising out of the accident involved unless necessary solely to prove compliance with such sections." For the reasons discussed below, the plaintiff's motion will be denied.

United of Omaha's decision to deny the plaintiff's claim for benefits did not result from a "trial arising out of the accident." An ERISA plan administrator or fiduciary "is not a court of law and is not bound by the rules of evidence." *Cusson v. Liberty Life Assur. Co. of Boston*, 592 F.3d 215, 226 (1st Cir. 2010); *Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F.3d 615, 622 n. 4 (7th Cir. 2008).

Neither will this court's review of United of Omaha's decision constitute a "trial arising out of the accident." "In reviewing the denial of ERISA benefits, the reviewing court applies a deferential abuse-of-discretion standard if the plan 'gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *McKeehan v. Cigna Life Ins. Co.*, 344 F.3d 789, 792 (8th Cir. 2003) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). "A plan gives the administrator or fiduciary discretionary authority if it contains explicit discretion-granting language." *Parkman v. Prudential Ins. Co. of America*, 439 F.3d 767, 772 (8th Cir. 2006). The plan in this case clearly grants such discretionary authority to United of Omaha.[2]

---

[2] The summary plan description states:

> By purchasing this Policy, the policyholder grants us the discretion and the final authority to construe and interpret the Policy. This means that we have the authority to decide all questions of eligibility and all questions regarding the amount and payment of any Policy benefits within the terms of the policy as interpreted by us. . . . Our interpretation of the Policy as to the amount of benefits and eligibility shall be binding and conclusive on all persons.

(Filing 15, at 67.)

Because Neb. Rev. Stat. § 60-6,105 has no possible application to this case, evidence concerning the blood alcohol level of the plaintiff's decedent will not be stricken from the administrative record. Accordingly,

IT IS ORDERED that the plaintiff's motion to strike (filing 16) is denied.

October 6, 2010.                    BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.